GWENDOLYN F. SMITH v. CENTRAL CAROLINA BANK AND TRUST COM-
PANY, as Executor of Will of Raymond C. Foster, Deceased; MINNIE B.
FOSTER; DOROTHY F. McECHIN GREENE; VIRGIL FOSTER and wife,
OLIVIA FOSTER; ZARO FOSTER; R. L. FOSTER and wife, POLLY M.
FOSTER; PAUL E. FOSTER and wife, DORIS FOSTER; MARTHA E. ED-
WARDS and husband, ROBERT W. EDWARDS; DONALD COLE and wife,
BARBARA COLE; JUANITO PUNG and wife, FE A PUNG; ALBERT G.
REAVIS and wife, SYLVIA P. REAVIS; DANIEL A. REAVIS and wife,
KATHRYN K. REAVIS; JERRY WAYNE ELLER and wife, PRISCILLA W.
ELLER; WILLIAM T. NIVENS and wife, FRANCES K. NIVENS; and
HENRY P. VANHOY, II

No. 8222SC70

(Filed 7 December 1982)

**Executors and Administrators § 12.1— sale of testator's property—right of first
refusal under will**

> Where testator's will directed his executor to sell all of his real and tangi-
> ble personal property and provided that the right of first refusal to purchase
> any of the property should be given to all of testator's surviving children, the
> right of first refusal given to testator's daughter by the will was not denied by
> the executor's sale of a parcel of land to testator's son as the highest bidder
> after having the land appraised and giving all of the children an opportunity to
> make a bid on the land above a specified price before it was offered for sale to
> the general public.

APPEAL by plaintiff from *DeRamus, Judge.* Judgment
entered 26 August 1981 in Superior Court, DAVIE County. Heard
in the Court of Appeals 10 November 1982.

This is a civil action wherein the plaintiff, Gwendolyn F.
Smith, seeks to have declared null and void certain conveyances
of real property made by the executor of the estate of her father.
Plaintiff further asks the court to order defendant, Central
Carolina Bank and Trust Company, to give plaintiff the right of
first refusal to purchase the real property from her father's
estate.

Our review of the record reveals the following facts. On 9
January 1977 Raymond C. Foster died testate in Davie County,
North Carolina leaving a substantial estate. The pertinent provi-
sion of his will, which is the origin of this lawsuit, reads:

ITEM TWO

I direct that my Executor hereinafter named sell all real
and tangible personal property held in my estate at public or

private sale at such time and price and upon such terms and conditions as it may deem to be advisable and for the best interest of my estate. The Right of First Refusal to purchase any part or all of my real and tangible personal property shall first be given to any or all children of mine who survive me. The net proceeds from the sale of said real and personal property shall become a part of my residuary estate, hereinafter disposed of.

The will named the defendant, Central Carolina Bank & Trust Co., as the Executor and granted to it all the powers under Section 32-27 of the North Carolina General Statutes, including the power to sell real property and convey good title.

In carrying out the instructions of Raymond Foster's will, the bank had the real property appraised and, through a series of letters sent to the four surviving children of Raymond Foster offered to them all the real property in the estate. The children were allowed to make private bids on the property before it was offered to the general public. The letters also set forth the price, terms, conditions, times and method of bidding for the sale of the property. Complying with the terms and instructions of the letters, plaintiff did purchase two parcels of land from the estate under the same method of sale which she now challenges. In a letter of 8 November 1978, the bank offered the children of Raymond Foster the opportunity to bid on eleven pieces of property, including a 383 acre parcel, the sale of which is the subject of plaintiff's complaint. The correspondence set the minimum bid at $274,000 for the 383 acres and stated that the bank would accept the highest bid.

The plaintiff, Gwendolyn Smith, daughter of Raymond Foster and defendant, Virgil Foster, son of Raymond Foster submitted bids on 8 January 1979. Virgil Foster submitted the higher bid and the property was conveyed to him. Plaintiff alleged in her complaint that the bank's method of offering the property for sale to her thwarted her right of first refusal to purchase the 383 acre farm owned by her father's estate. The bank filed an answer and counterclaim alleging the plaintiff had maliciously libeled and slandered the title to the property.

The trial judge entered summary judgment for the plaintiff as to the defendant bank's counterclaim and granted defendant's

motion for summary judgment with respect to plaintiff's complaint. Plaintiff appealed.

*Hall and Vogler, by William E. Hall for the plaintiff, appellant.*

*Lee Zachary and Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by James H. Kelly, Jr. for defendants, appellees.*

HILL, Judge.

The plaintiff argues on appeal that the defendant bank's method of selling the property of Raymond Foster's estate denied her the right of first refusal as granted under her father's will. Our examination of the record, including Raymond Foster's will, reveals that the defendant bank was granted all the powers of an executor to arrange for and sell the property of Raymond Foster. Section 32-27 of the North Carolina General Statutes was also incorporated by reference into Raymond Foster's will. The applicable portion of that statute, G.S. § 32-27(2), reads:

> (2) Sell and Exchange Property. — To sell, exchange, give options upon, partition or otherwise dispose of any property or interest therein which the fiduciary may hold from time to time, with or without order of court, at public or private sale or otherwise, upon such terms and conditions, including credit, and for such consideration as the fiduciary shall deem advisable, and to transfer and convey the property or interest therein which is at the disposal of the fiduciary, in fee simple absolute or otherwise, free of all trust; and the party dealing with the fiduciary shall not be under a duty to follow the proceeds or other consideration received by the fiduciary from such sale or exchange.

In establishing a bidding process, whereby the surviving children of Raymond Foster could bid for and buy the property of their father's estate before it was offered for public sale, the defendant bank was clearly within the bounds of its power under the will and the North Carolina General Statutes. We find no irregularities in the bidding method or in the sale of the property which in any way indicates the defendant bank exceeded or abused its power as executor.

Furthermore, plaintiff's right of first refusal was fulfilled through the defendant bank's appraising the property, offering the property to the surviving children through numerous letters, and allowing the children to bid privately on the property. When the plaintiff and defendant, Virgil Foster, placed bids on the 383 acre parcel in question they exercised their right of first refusal. By selling the land to the higher bidder, Virgil Foster, the bank did nothing to interfere with that right. It simply carried out its duties under the provisions of the will. Upon the uncontroverted facts disclosed by the record, the trial court correctly entered summary judgment for the defendants.

Affirmed.

Judges WEBB and BECTON concur.